People v Dover (2024 NY Slip Op 50573(U))

[*1]

People v Dover (Nickoy)

2024 NY Slip Op 50573(U)

Decided on May 16, 2024

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on May 16, 2024
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Brigantti, J.P., James, Perez, JJ.

570170/17

The People of the State of New York, Respondent,
against
Nickoy Dover, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Guy H. Mitchell, J.), rendered October 21, 2016, upon a plea of guilty, convicting him of petit larceny, and imposing sentence.

Per Curiam.
Judgment of conviction (Guy H. Mitchell, J.), rendered October 21, 2016, affirmed.
Even assuming arguendo that the plea court was under a duty to inform defendant of the immigration consequences of his guilty plea to the Class A misdemeanor offense of petit larceny (see Penal Law § 155.25), an issue left open in People v Peque (22 NY3d 168, 197 n 9 [2013], cert denied 574 US 840 [2014]), the proper remedy for a Peque violation is to hold the appeal in abeyance to afford defendant the opportunity to move to vacate the plea upon a showing that there is a reasonable probability that he would not have pleaded guilty had he been made aware of the deportation consequences of the plea (see e.g. People v Acosta, 202 AD3d 447 [2022]; People v Johnson, 165 AD3d 556 [2018]). However, the only relief defendant requests for the alleged Peque violation is dismissal of the accusatory instrument rather that vacatur of the plea, and he expressly requests that this Court affirm the conviction if it does not grant a dismissal. Since it cannot be said that no penological purpose would be served by remanding the matter to Criminal Court, dismissal is not warranted and we affirm on this basis.
We also note that if this 2016 guilty plea results in immigration consequences, defendant has a remedy pursuant to CPL 440.10(1)(j), which provides for a motion to vacate the conviction for a class A or unclassified misdemeanor based upon ongoing collateral consequences, including potential or actual immigration consequences (see CPL 440.10[1][j]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: May 16, 2024